IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL CASE NO. |
| v. | 1:14-CR-0459-LMM-JFK |
| TEON RICHARDSON, | |
| Defendant. | |

**NON-FINAL REPORT AND RECOMMENDATION**

On April 12, 2015, Defendant Teon Richardson's counsel filed a motion seeking a hearing to determine Defendant's competency to stand trial. [Doc. 21]. On April 13, 2015, the court granted the motion in part ordering that Defendant be committed to the custody of the Federal Correctional Complex, Butner, North Carolina ("FCI"), pursuant to 18 U.S.C. § 4241, to undergo a psychiatric examination to determine his competency to stand trial. [Doc. 22]. From April 28, 2015, through June 11, 2015, at the FCI, Defendant met with various personnel, including Heather H. Ross, Ph. D., forensic psychologist, for a psychiatric examination. The report of examination was received by the court on or about June 24, 2015. After the report was reviewed by the Government and Defendant, neither party objected to the report or requested a competency hearing. Based on the report presented to the court and absent objection

from either party, the court recommends that Defendant be found competent to stand trial.

**I.   Competency Report**

During the aforementioned evaluation, Dr. Ross reviewed a number of documents, including the criminal indictment and law enforcement investigative records and materials, as well as Bureau of Prisons and local jail records and prior neurological examinations and reports and medication records.  A number of psychological assessments were conducted.  After explaining to Defendant the purpose of the interview, Dr. Ross conducted a thorough examination of Defendant during several sessions.  As a part of the interview and examination, she asked Defendant questions about the nature of the criminal proceedings he was facing and his awareness of the consequences of those proceedings.  Dr. Ross also asked Defendant questions about his lawyer and his ability to work with him for his defense.

Based on Defendant's responses to those questions, Dr. Ross concluded:

> Throughout this evaluation period, Mr. Richardson displayed an ability to communicate adequately and to cooperate.  He demonstrated improvement in his understanding of legal roles, terms, and consequences since his forensic evaluation in April 2015.  He is capable of understanding his options and making rational choices among them.  He maintains appropriate self-interest in the outcome of his case.  In general, when discussing legal issues, the defendant asked appropriate questions.

> Throughout the course of the evaluation, Mr. Richardson was appropriate in his interactions. Although his thinking is concrete, he appears to have some capacity to reason between alternatives when important decisions are at stake, such as decisions regarding courtroom strategy and whether or not he would plead guilty. He will require that information be provided to him in simple, jargon-free language and he will require some education about his rights and the options available to him. Nevertheless, he was able to provide information about his case, demonstrate retention of information provided to him, and ask questions when he did not understand something.
>
> Based on the above information, it is my opinion that Mr. Richardson is competent to the extent he is able to understand the nature and consequences of the proceedings against him and assist properly in his defense. It is my opinion he is competent to proceed.

(Competency Report at 12).[1] Dr. Ross noted in conclusion that, "Mr. Richardson's prognosis for remaining competent throughout the proceedings is good. As long as his access to substances[, such as alcohol and marijuana,] continues to be restricted, and he is maintained on psychotropic medications, it is expected that he will be able to maintain his competency throughout the proceedings." (Id. at 13).

## II. Discussion

Title 18, United States Code, Section 4241(a), provides that the court shall order a hearing regarding a defendant's competency to stand trial "if there is reasonable

---

[1] A copy of the report is being filed under separate order UNDER SEAL in conjunction with the filing of this Report and Recommendation.

3

cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).  As provided for by § 4241(b), the court ordered a psychiatric evaluation.  [Doc. 22].  Following the examination, on or about June 24, 2015, the court received the report of the forensic psychologist (Competency Report) pursuant to § 4247(c), which as required, included Defendant's history and present symptoms, a description of the tests that were employed and the results of those tests, the examiner's findings, and the examiner's opinion as to diagnosis and as to "whether [Defendant] is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4147(c).

Following the evaluation, the proceedings are governed by §§ 4241(c) and (d), which provide for a hearing to be conducted for the court to determine whether, "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist

4

properly in his defense . . . ." 18 U.S.C. §§ 4241(c), (d).  However, after review of Dr. Ross's report by the Government and counsel for Defendant, neither party requested a competency hearing, instead, submitting the issue based on the information contained in the report.

"The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent." United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005).  The test for determining competency to stand trial is "whether [Defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 80 S. Ct. 788, 789 (1960) (citations and internal quotation marks omitted).  "Whether the defendant is competent is an ongoing inquiry; the defendant must be competent at all stages of trial." Rahim, 431 F.3d at 759.  "'[A defendant] raising a substantive claim of incompetency is entitled to no presumption of incompetency and must demonstrate his or her incompetency by a preponderance of the evidence[.]'" United States v. Bradley, 644 F.3d 1213, 1268 (11th Cir. 2011) (citation omitted); accord Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005).

5

AO 72A
(Rev.8/82)

"'[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges.' . . . Similarly, neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995) (citation omitted); see also Battle, 419 F.3d at 1299 (finding that Battle's "courtroom outbursts, odd behavior, and history of mental illness" did not "mandate a finding of incompetency").

In this case, the court received the report of a qualified expert in the field of forensic psychology finding that Defendant was competent to stand trial. (Competency Report at 12). There was no finding that Defendant is suffering from any mental disease or defect that would undermine his ability to understand the proceedings and assist his counsel in his defense. (Id. at 11-13). Neither party presented any information to the court establishing that the court should not rely on Dr. Ross's opinion. For this reason, and because neither party requested a competency hearing, the court finds that a competency hearing is not required for the court to make a determination as to Defendant's competency to stand trial. See United States v. Johns, 390 Fed. Appx. 963, 969 (11th Cir. 2010) ("Due process requires that an adequate

6

hearing be held on competency when the evidence raises a bona fide doubt as to defendant's competency to stand trial . . . .") (quoting Fallada v. Dugger, 819 F.2d 1564, 1568 (11th Cir. 1987)) (internal quotation marks omitted); United States v. Williams, 262 Fed. Appx. 165, 173 (11th Cir. 2008) ("A district court may rule on [the issue of defendant's competency] without [the] benefit of a full dress hearing as long as the court has no bona fide doubt as to the competence of the defendant.") (quoting United States v. Nichels, 324 F.3d 1250, 1252 (11th Cir. 2003)) (internal quotation marks omitted); Wright v. Secretary for the Dep't of Corrections, 278 F.3d 1245, 1259 (11th Cir. 2002) ("Only [a defendant] who presents clear and convincing evidence creating a real, substantial, and legitimate doubt as to his competence to stand trial is entitled to a hearing on his substantive competency claim.") (citation and internal quotation marks omitted). After consideration of all of the evidence, the court credits the conclusions of Dr. Ross and finds that there is no bona fide doubt that Defendant is competent to stand trial.

### III. Conclusion

For the foregoing reasons and cited authority, the court **RECOMMENDS** that Defendant be found competent to stand trial. Remaining pending before the court are Defendant's motions [Docs. 13, 14] to suppress which have been held in abeyance

7

pending the competency evaluation.  A hearing on those motions will be scheduled if the District Court adopts the instant Report and Recommendation.

**SO RECOMMENDED AND ORDERED** this 9th day of July, 2015.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE