IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : |
| TEON RICHARDSON, | : CRIMINAL ACTION NO. |
| | : 1:14-CR-00459-LMM-JFK |
| Defendant. | : |

## **ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [38] recommending that Defendant Teon Richardson's Motion to Suppress Evidence [13] be denied with regard to a firearm and ammunition seized from a jacket he had been wearing. The R&R also recommends that Defendant's Motion to Suppress Evidence in all other respects and his Motion to Suppress Statements [14] be denied as moot.

Defendant has filed timely objections [44] to the R&R. According to Defendant, the Magistrate Judge erred in finding (1) that Officer Williams asked for consent to search Defendant's person, (2) that Defendant gave consent for Officer Williams to search his person, and (3) assuming the first two objections are overruled, that the search of the jacket, which Defendant had removed and placed on top of the trunk of the car within arm's reach, was within the scope of

the search to which he consented. [See id. at 1-11]. The Government has filed a response in opposition to Defendant's objections [47].

Upon review of the record and due consideration, the Court **ADOPTS** the Magistrate Judge's R&R [41] as the findings of this Court.

I.   **Standard of Review**

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's Report and Recommendation for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b). As Defendant filed timely objections to the R&R with respect to its findings regarding and analysis of Defendant's motion to suppress evidence seized from Defendant's jacket, the Court reviews the Magistrate Judge's findings and recommendations regarding these conclusions on a *de novo* basis. All other recommendations are reviewed for clear error.

II.  **Analysis**

Defendant objects to the R&R on three grounds: that Officer Williams never asked Defendant for consent to search his person, that Defendant never gave his consent to the search, and that Officer Williams's search of Defendant's jacket was not reasonably within the scope of the search of Defendant's person.

2

Defendant's first objection repeats the argument he made in his post-hearing briefing that Officer Williams's testimony on cross-examination should be read to recant his earlier testimony that he had asked Defendant for consent to search his person. See Dkt. Nos. [37] at 3-4 & n.3, [40] at 2-5. He also argues that this finding is not a credibility determination because the Magistrate Judge ignores Officer Williams's recantation. Dkt. No. [44] at 7.

Defendant's objection takes this testimony out of context. The Magistrate Judge's finding that Officer Williams asked Defendant for consent to search his person is reasonable, and her credibility findings should not be disturbed. Credibility determinations are best made by the fact finder, who has observed the testimony and the witnesses firsthand. United States v. Ramirez-Chilel, 289 F.3d 744, 749-50 (11th Cir. 2002). The Magistrate Judge's conclusion that Officer Williams sought to clarify the sequence of events leading up to Defendant's arrest in his cross-examination, and that he adhered to his testimony regarding his request for consent to search Defendant's person, reasonably construes his testimony as a whole. Defendant thus does not provide a reasonable, "articulable basis for rejecting the [M]agistrate[] [Judge]'s original resolution of credibility," and the Court will not disturb her findings. See United States v. Marshall, 609 F.2d 152, 155 (5th Cir. 1980).[1]

---

[1] Fifth Circuit decisions handed down on or before September 30, 1981, are binding precedents in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

The Court concludes that the Magistrate Judge reasonably construed Officer Williams's testimony in light of his direct examination and his full cross-examination. Consequently, the Court agrees that the Government has established that Officer Williams requested consent to search Defendant's person.

Defendant next objects to the Magistrate Judge's finding that Defendant voluntarily consented to the search. This finding is also reasonable. The voluntary nature of consent to search is "determined by the totality of the circumstances ... on a case-by-case analysis." United States v. Blake, 888 F.2d 795, 798 (11th Cir. 1989) (citations omitted). These circumstances may include whether police employed coercive tactics or procedures, the extent of defendant's cooperation, his awareness of his right to refuse consent to search, his education and intelligence, and his belief that no incriminating evidence will be found. Id.

Defendant does not point to circumstances in the record supporting his objection to this finding. Instead, Defendant relies on his argument that Officer Williams recanted testimony that he asked Defendant for consent to search his person, and thereby impliedly recanted his testimony that Defendant agreed to his request. Dkt. No. [44] at 2-5. As the Court has rejected this argument, this objection lacks merit.

The Court agrees with the Magistrate Judge that Officer Williams's testimony provides no indication that Defendant withheld his consent to search

4

or that Defendant's consent was not freely and voluntarily given. The Government has carried its burden in this respect as well.

Finally, Defendant objects to the Magistrate Judge's finding as to the extent of the search. The Court concludes that Officer Williams's perception that the scope of Defendant's consent to search his person included the jacket Defendant was wearing while driving his car, only to take it off and set it on the trunk of his car prior to Officer Williams's search, was objectively reasonable. Neither Defendant nor the Government contends that Defendant gave voice to any limitation of the search of his person. In that circumstance, the search may include only "what a police officer could reasonably interpret the consent to encompass." United States v. Zapata, 180 F.3d 1237, 1242 (11th Cir. 1999) (quoting United States v. Strickland, 902 F.2d 937, 941 (11th Cir. 1990)). This standard is one of objective reasonableness, taking into account the object of the search. Florida v. Jimeno, 500 U.S. 248, 251 (1991) (citations omitted); Zapata, 180 F.3d at 1243.

Defendant offers three reasons why Officer Williams's perception that the jacket was part of his "person" for purposes of his consent search was objectively unreasonable. First, Defendant argues that it is unreasonable to consider a jacket he removed and placed at arm's length away from him part of his "person." Second, Defendant argues that it was unreasonable to construe his placing of the jacket on the trunk of the car, next to the contents of his pockets he had emptied

of his own volition, as an invitation to inspect those items as part of Officer Williams's search. Third, Defendant argues that construing his failure to object to Officer Williams's search of the jacket as consent to its search is unreasonable. Dkt. No. [44] at 9-11.

Officer Williams testified that, before he requested consent to search Defendant's person, he asked whether Defendant had anything illegal on him. [Doc. 41 at 5-6, 15-16]. Defendant was therefore aware that Officer Williams wanted to search him for contraband, including firearms. It is objectively reasonable for an officer to understand that a person carrying a firearm or other contraband may keep it in the pocket of his jacket, and similarly for a person consenting to search of his person to understand that the search extends to the outer pockets of his clothing. See, e.g., United States v. Stinson, 468 F. App'x 285, 288 (4th Cir. 2012) (a reasonable person would understand consent to an officer "searching [his] person" to include a search of his pockets) (citing Jimeno, 500 U.S. at 251). Thus, it was objectively reasonable for Officer Williams to construe Defendant's consent to search his "person" as including the items he wore or carried on his person, including his jacket, that he had voluntarily placed on the trunk of the car within his reach.

Similarly, it was objectively reasonable for Officer Williams to conclude that a search of Defendant's jacket was invited by Defendant's conduct and by his failure to object when Officer Williams searched the jacket. The record shows that

6

Defendant and Officer Williams were cordial to one another from the beginning of their encounter through Officer Williams's attempt to arrest Defendant, and that Officer Williams did not apply or threaten to apply force until that time. The record contains no indication that Defendant made any statement or action before, during, or after removing his jacket that his consent to search did not include the jacket.

Moreover, the search of the jacket was reasonably limited to the object of the search, to identify contraband, as Officer Williams testified that he immediately determined that a firearm was present upon laying his hand on the jacket. Dkt. No. [41] at 18. See Minnesota v. Dickerson, 508 U.S. 366, 375-76 (1993) (where officer lawfully pats down outer clothing during consent search of defendant's person and "feels an object whose contour or mass makes its identity [as contraband] immediately apparent," warrantless seizure of object is lawful).

The Court has reviewed the portions of the R&R to which Defendant did not object, and has found no clear error in the Magistrate Judge's findings and recommendations that Defendant's motion to suppress evidence, with regard to evidence seized from locations other than Defendant's jacket, and motion to suppress statements be denied as moot.

## III. Conclusion

In accordance with the foregoing, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [41] as the findings of this Court.

7

Defendant's Motion to Suppress Evidence [13] is **DENIED** with regard to the firearm and ammunition seized from the jacket. With regard to all other contentions, Defendant's Motion to Suppress Evidence is **DENIED AS MOOT**. Defendant's Motion to Suppress Statements [14] is also **DENIED AS MOOT**.

The trial in this action is hereby set to begin on Monday, April 11, 2016, at 9:30 AM in Courtroom 2107. The pretrial conference will be held on Thursday, March 31, 2016, at 2:00 PM in Courtroom 2107. By noon on Thursday, March 17, 2016, the parties are to file the following: motions *in limine* and proposed *voir dire* questions. By noon on Thursday, March 17, 2016, the Government must file a brief summary of the indictment that the parties can rely on for *voir dire.* By noon on Thursday, March 24, 2016, the parties are to file any objections to those items listed above.

Excludable time is allowed through April 11, 2016, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), to give counsel for Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served outweigh the best interest of the public and the Defendant in a speedy trial and are consistent with both the best interest of the public and individual justice in this matter.

**IT IS SO ORDERED** this 10th day of February, 2016.

8     LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE